# Exhibit A

Case.net:26SL-PR02078 - JOAN K. KOESTER V. SHEKAR M. SWAMY (E-CASE) - Docket Entries

| **Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**10/06/2026**

**Certificate of Service**

Affidavit of Return of Service on Shekar M. Swamy.

**Filed By:** JOHN JOSEPH HALL

**On Behalf Of:** JOAN K KOESTER

**09/22/2026**

**Alias Summons Issued**

Document ID: 26-PSOS-38, for SWAMY, SHEKAR M Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**08/11/2026**

**Alias Summons Requested**

Request for Issuance of Alias Summons; Exhibit 1 - Affidavit of Attempted Service.

**Filed By:** JOHN JOSEPH HALL

**On Behalf Of:** JOAN K KOESTER

**06/29/2026**

**Motion Special Process Server**

Request for Appointment of Special Process Server.

**Filed By:** JOHN JOSEPH HALL

**On Behalf Of:** JOAN K KOESTER

**06/24/2026**

**Summons Issued-Circuit**

Document ID: 26-SMPB-71, for SWAMY, SHEKAR M Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**06/17/2026**

**PR Costs - Trusts**

**Filing Info Sheet eFiling**

**Filed By:** JOHN JOSEPH HALL

**Trust Case Filed**

Petition; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.

**Filed By:** JOHN JOSEPH HALL

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**
**PROBATE DIVISION**

| | | |
|---|---|---|
| JOAN K. KOESTER, individually and as Trustee of the Anthony H. and Joan K. Koester Revocable Trust,<br><br>Plaintiff,<br><br>v.<br><br>SHEKAR M. SWAMY, individually and in his capacity as Trustee under the Trusteed Cross-Purchase Agreement,<br><br>***Serve***:<br>Shekar M. Swamy<br>1807 Park 270 Drive, Suite 420<br>St. Louis, MO 63146-4306<br><br>Defendant. | ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

**VERIFIED PETITION**

COMES NOW Plaintiff Joan K. Koester ("Plaintiff"), individually and in her capacity as Co-Trustee of that certain Anthony H. and Joan K. Koester Revocable Trust dated January 3, 2019 (the "Trust"), by and through her undersigned counsel, and for her Petition against Defendant Shekar M. Swamy ("Defendant") individually, and in his capacity as Trustee under that certain Trusteed Cross-Purchase Agreement dated March 20, 1995, as amended by that certain first amendment to the Trusteed Cross-Purchase Agreement dated December 17, 2002 (the "Amendment," and collectively, the "Agreement"), states as follows:

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Joan K. Koester brings this action on behalf of herself and the Trust, of which she is a Co-Trustee.[1] (A true and accurate copy of the Trust is attached hereto as Exhibit 1 and is incorporated by reference herein.)

2. Plaintiff is, and at all relevant times has been, a resident of St. Louis County, Missouri.

3. The Trust is a revocable living trust of which Plaintiff and her husband, Anthony K. Koester, were Co-Trustees. Mr. Koester passed away on February 21, 2026. The Trust provides that "[u]pon the death of either Settlor, the surviving Co-Trustee . . . shall continue as Trustee[.]" (Ex. 1, p. 4). Plaintiff is a citizen and resident of St. Louis County, Missouri, and therefore, the Trust is a citizen of Missouri.

4. Defendant is an individual who, upon information and belief, resides in St. Louis County, Missouri.

5. Defendant and Mr. Koester were the sole shareholders of American Technology Corporation (the "Company"), a Missouri corporation with its principal place of business in St. Louis, Missouri.

6. The Court has jurisdiction over this action pursuant to Section 456.2-202 of the Missouri Uniform Trust Code ("MUTC"), and/or other applicable law because, among other things, the Agreement was entered into in St. Louis County, Missouri, and the

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Trust.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

beneficiaries of the Agreement resided in Missouri at the time the Agreement was executed.

7. Venue is proper in this Court pursuant to Section 456.2-204 of the MUTC. Venue is also proper because, among other things, Plaintiff and Defendant reside in St. Louis County, the Company's principal place of business is in St. Louis County, and St. Louis County is where Plaintiff was first harmed by the wrongful actions of Defendant as alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### *The Trusteed Cross-Purchase Agreement*

8. Plaintiff realleges and incorporates herein by reference the allegations contained in the proceeding paragraphs as though fully set forth herein.

9. Defendant owns fifty-one (51) percent of the Company's shares, and Mr. Koester owned forty-nine (49) percent of the Company's shares. (Agreement, p. 1, a true and accurate copy of which is attached hereto as Exhibit 2 and is incorporated by reference herein.)

10. Mr. Koester's shares in the Company are worth $735,000 (the "Shares").[2] (*Id*. at p. 4.)

[2] Article Four of the Agreement states that the value of the Shares remains $735,000 "[u]ntil and unless changed[.]" No such change occurred.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

11. On March 22, 1995, Mr. Koester and Defendant entered into the Agreement as the Company's sole shareholders.

12. The purpose of the Agreement was to "provide for continuity and harmony in the management and policies of the Company[.]" (*Id*. at 1.) This included "provid[ing] for the purchase by the remaining Shareholders of a deceased or disabled Shareholder's stock in the Company[.]" (*Id*.)

13. As such, Article Four, Section One of the Agreement, "Purchase of Shares on Death," requires that:

> Upon the death of a Shareholder, the surviving Shareholder *shall purchase*, and the estate of the decedent *shall sell*, all of the decedent's stock in the Company which he now owns or will hereafter acquire. Each surviving Shareholder shall purchase such portion of the shares of the decedent as the number of shares owned by him at the date of death of the decedent shall bear to the total number of shares owned by all surviving Shareholders at that date.

(*Id*. at p. 4.)

14. The Agreement created a trust to protect the Company's interests and ensure a smooth transition of Company ownership moving forward.

15. Defendant was designated Trustee of the Company's shares under the Agreement. (*Id*. at p. 1.)

16. As Trustee of the Agreement, Defendant owed fiduciary duties to Mr. Koester and his successors as a beneficiary of the Agreement.

17. Upon the death of any Company Shareholder, the Agreement requires that Defendant, as Trustee "shall collect the insurance proceeds on behalf of the beneficial owners of the policy, and within thirty (30) days after the qualification of the legal

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

representative of the decedent's estate, the purchase price for the decedent's stock *shall* be paid . . ." (*Id*. at 4.)

18. Pursuant to the Amendment, all "life insurance provisions contained in the Trusteed Cross-Purchase Agreement shall be considered null and void[.]" (*Id.* at p. 10.) However, the Amendment makes clear that "[a]ll other provisions of the Trusteed Cross-Purchase Agreement shall remain in full force." (*Id*.)

19. Therefore, the Amendment did not discharge Defendant, as Trustee of the Agreement, of his responsibility to repurchase the shares of any decedent Company shareholder.

20. The Amendment was properly executed in accordance with Article Nine, Section 7 of the Agreement and is therefore binding on the parties. (*See id*. at pp. 9-10).

***Mr. Koester's Death Triggered Defendant's Obligations Under the Agreement***

21. Mr. Koester passed away on February 21, 2026, at which time the Shares passed to the Trust.

22. Pursuant to the terms of the Agreement, the Shares became subject to the purchase and buyout obligations under the Agreement upon Mr. Koester's death.

23. As the remaining Shareholder of the Company, the Agreement obligated Defendant to repurchase the Shares in the total amount of $735,000 from the Trust. (*Id*. at p. 4.)

24. Notwithstanding, as Trustee under the Agreement, Defendant had until March 26, 2026, to repurchase the Shares in the total amount of $735,000 from the Trust.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

25. On March 26, 2026, Plaintiff, through counsel, provided Defendant written notice of Defendant's obligations under the Agreement to repurchase the Shares in the total amount of $735,000 and demanded payment of the same on or before April 6, 2026. (A true and accurate copy of Plaintiff's March 26, 2026 correspondence is attached hereto as Exhibit 3 and is incorporated by reference herein.)

26. Despite Defendant's receipt of Plaintiff's March 26, 2026, correspondence, Defendant failed to remit payment for the Shares on or before April 6, 2026. (A true and accurate copy of Defendant's receipt of Plaintiff's March 26, 2026, correspondence is attached hereto as Exhibit 4 and is incorporated by reference herein.)

27. On April 30, 2026, Plaintiff again, through counsel, provided Defendant written notice of Defendant's obligations under the Agreement to repurchase the Shares and demanded payment of the same on or before May 15, 2026. (A true and accurate copy of the April 30, 2026, correspondence is attached hereto as Exhibit 5 and is incorporated by reference herein.)

28. To date, Defendant—in his capacity as Shareholder and in his capacity as Trustee of the Agreement—has failed and refused, and continues to fail and refuse, to repurchase the Shares as required under the Agreement.

**COUNT I – BREACH OF CONTRACT**
**(DAMAGES AND/OR SPECIFIC PERFORMANCE)**

29. Plaintiff realleges and incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

30. The Agreement is a valid and enforceable contract.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

31. Plaintiff, as successor in interest to Mr. Koester as Co-Trustee of the Trust, has performed all obligations required under the Agreement. Plaintiff remains willing and able to sell the Shares to Defendant.

32. Among other things, as a shareholder of the Company, Defendant agreed to repurchase the Shares upon Mr. Koester's death pursuant to the Agreement's terms and conditions.

33. Without legal justification or excuse, Defendant materially breached the Agreement by failing to repurchase the Shares upon Mr. Koester's death in the total amount of $735,000 within thirty (30) days after qualification of the legal representative.

34. To date, despite Plaintiff's March 26, 2026, correspondence and Plaintiff's April 30, 2026, correspondence, Defendant has failed and refused, and continues to fail and refuse, to repurchase the Shares as required under the Agreement.

35. As a direct and proximate cause of Defendant's material breach of the Agreement, Defendant has suffered damages in an amount no less than $735,000.

36. In the alternative, as a direct result of Defendant's material breach of the Agreement, Defendant should be ordered to specifically perform its obligations to repurchase the Shares pursuant to Article Four of the Agreement.

37. The balance of equities favors an order of specific performance.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant and in Plaintiff's favor on Count I of the Petition in an amount no less than $735,000, together with all interest accrued thereon and Plaintiff's reasonable expenses including, without limitation, Plaintiff's reasonable attorneys' fees, court costs, and expert fees, and any such

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

further relief as this Court deems just and proper. In the alternative, Plaintiff prays that this Court enter judgment against Defendant and in Plaintiff's favor on Count I of the Petition and order Defendant to perform its obligations under Agreement including, without limitation, ordering Defendant to repurchase the Shares.

**COUNT II – BREACH OF FIDUCIARY DUTY**
**AGAINST DEFENDANT AS TRUSTEE OF THE AGREEMENT**

38. Plaintiff realleges and incorporates herein by reference the allegations contained in the proceeding paragraphs as though fully set forth herein.

***A Trustee's Obligations under Missouri Law***

39. Pursuant to RSMo § 456.8-801, a trustee has a duty to administer a trust in good faith, in accordance with trust's terms and purposes, and in the interests of the beneficiaries.

40. Pursuant to RSMo § 456.8-802, a trustee has a duty to administer a trust solely in the interest of its beneficiaries. This duty of loyalty includes a duty to protect the beneficiaries' beneficial interests in the trust.

41. Pursuant to RSMo § 456.8-804, a trustee has a duty to administer the trust as a prudent person would. This duty requires a trustee to exercise reasonable care, skill, and caution.

***Defendant's Breaches of Fiduciary Duties as Trustee of the Agreement***

42. Article Two of the Agreement states that Defendant, "Shekar M. Swamy, who is a Shareholder in the Company, *has consented to act as Trustee* under this Agreement." (Ex. 2, p. 1.)

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

43. As Trustee of the Agreement, Defendant owed Mr. Koester (and now Plaintiff) fiduciary duties of loyalty and care as beneficiaries of the Agreement.

44. Defendant has breached his fiduciary duties of loyalty and care by failing administer the Agreement in good faith, in accordance with the Agreement's terms, in the best and sole interests of the Agreement's beneficiaries, and as a reasonable and prudent person would under the circumstances.

45. Defendant's breaches of his fiduciary duties include, among other things, Defendant's failure to repurchase the Shares following Mr. Koester's death within thirty (30) days following the qualification of the legal representative of Mr. Koester's estate.

46. Pursuant to RSMo § 56.10-1001.1, "[a] violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust."

47. Pursuant to RSMo § 56.10-1001.2, the Court may order the following remedies, among others, based on Defendant's breach of the Agreement:

(a) compel Defendant to perform his duties as Trustee of the Agreement;

(b) enjoin Defendant from committing a breach of the Agreement;

(c) compel Defendant to redress a breach of the Agreement by paying money, restoring property, or other means;

(d) appoint a special fiduciary to take possession of the trust property/Agreement and administer the Agreement;

(e) suspend Defendant as Trustee of the Agreement;

(f) remove the trustee as provided in Section 456.7-706; and/or

(g) order any other appropriate relief the Court deems just and proper.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

48. As a direct and proximate result of Defendant's breach of his fiduciary duties due and owing Plaintiff, Plaintiff, as a living beneficiary of the Agreement pursuant to the Trust, has suffered damages in an amount no less than $735,000.

49. Pursuant to RSMo § 456.10-1004, Plaintiff is entitled to its costs and expenses in connection with this action including, without limitation, its reasonable attorneys' fees.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant and in Plaintiff's favor on Count II of the Petition in an amount no less than $735,000, together with all interest accrued thereon, compel Defendant to perform his duties as Trustee of the Agreement, and award Plaintiff its reasonable expenses including, without limitation, Plaintiff's reasonable attorneys' fees, court costs, and expert fees, and any such further relief as this Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: June 17, 2026

By: /s/ John J. Hall

John J. Hall, #41419
Jared A. Gillen, #76621
600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
314-444-7635 (Phone)
314-612-7635 (Facsimile)
jhall@lewisrice.com
jgillen@lewisrice.com

***Attorneys for Plaintiff***

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

**CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)**

The undersigned hereby certifies under Rule 55.03(a) of the Missouri Supreme Court Rules that he has signed the original of the foregoing and this certificate.

/s/ John J. Hall

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

STATE OF MISSOURI____ )
) SS.
COUNTY OF ST. LOUIS____ )

Plaintiff JOAN K. KOESTER being duly sworn, upon her oath, verifies that the statements in the foregoing Verified Petition are true and correct to the best of her knowledge, information, and belief.

JOAN K. KOESTER
Joan K. Koester
By: Maria V. Cosmano

Subscribed and sworn to before me this 16th day of June, 2026.

Maria V. Cosmano
Notary Public

My Commission Expires:
August 18, 2027

MARIA V. COSMANO
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES AUGUST 18, 2027
ST. CHARLES COUNTY
COMMISSION #15420334

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

# REVOCABLE LIVING TRUST AGREEMENT

# OF

# ANTHONY H. KOESTER and JOAN K. KOESTER

THIS TRUST INDENTURE, made and entered into this 3d day of January 2019, by and between ANTHONY H. KOESTER and JOAN K. KOESTER, his wife, residents of the County of St. Louis, State of Missouri, hereinafter referred to as Settlors, and ANTHONY H. KOESTER and JOAN K. KOESTER of the County of St. Louis, State of Missouri, hereinafter referred to as Trustees.

WITNESSETH, that the said Settlors in consideration of the sum of One Dollar ($1.00) and for other good and valuable considerations, the receipt of which is hereby acknowledged, have assigned, transferred, conveyed, set over and delivered and by these presents do hereby assign, transfer, set over and deliver to the Trustees certain securities and other property which are more fully set out and described in a separate list attached hereto and marked Schedule A which said securities and other property, and the property into which the same may hereinafter be converted, together with any other assets which may be conferred or conveyed to or deposited with said Trustees by the Settlors, or any other person under the terms hereunder, shall constitute the Trust estate herein referred to. The said Trustees hereby agree to hold such property, together with all additions and substitutions therefor, IN TRUST, as follows:



EXHIBIT

1

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

## ARTICLE I

(Title)

This Trust shall be known as the ANTHONY H. and JOAN K. KOESTER REVOCABLE TRUST and may be amended, altered, revoked or terminated by the Settlors, or the survivor of them, in the manner hereinafter described.

## ARTICLE II

(Appointment of Trustees)

Settlors hereby nominate and appoint ANTHONY H. KOESTER and JOAN K. KOESTER as Co-Trustees of the ANTHONY H. and JOAN K. KOESTER REVOCABLE TRUST. In the event that either of the Settlors shall die, become incapacitated, unable or unwilling for any reason to serve as Co-Trustee under this instrument, or having served shall cease to serve, the remaining Co-Trustee shall serve as sole Trustee. Upon the death, incapacity or failure to serve of both Co-Trustees, the Settlors nominate and appoint their daughter, ANGELA J. WAGNER, to serve as successor sole Trustee of any and all trusts created hereunder. In the event ANGELA J. WAGNER shall fail or cease to serve, the Settlors' nominate and appoint their son, CHRISTOPHER E. KOESTER, to serve as Trustee of all trusts created hereunder. In the event CHRISTOPHER E. KOESTER shall fail or cease to serve hereunder or having served shall for any reason cease to so serve, the Settlors nominate and appoint their daughter, EMILY A. WILSON, to serve as successor sole Trustee of any and all trusts created hereunder. All powers conferred on Trustees by this instrument may be exercised by them jointly or by either of them separately. If, at any time, there is but one Trustee of this Trust, the sole Trustee shall have all powers hereby conferred on the Trustees.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

No Trustee shall be required to give any bond for the faithful performance of duties hereunder. This instrument shall be construed and administered, and the validity of the trusts hereby created, shall be determined in accordance with the laws of the State of Missouri. The Trustee shall have no duty to monitor whether the trusts created herein are being administered at a place appropriate to the trust's purposes, its administration and the interests of the beneficiaries. This Trust Agreement shall be executed in triplicate, each identical copy shall be considered as an original.

ARTICLE III

(Income and Administration During the Life of Settlors)

After paying the necessary expenses incurred in the management and investment of the trust estate, the Trustees shall distribute unto the Settlors no less frequently than quarterly so much of the net income and principal as the Settlors shall request, so long as the Settlors shall live and be capable of the management of their affairs; the provisions of this ARTICLE III are subject to the further provision that if the Settlors are incapacitated through illness, age or other cause the Trustee(s) may, in their uncontrolled discretion apply all or any part of the net income and principal toward the care, maintenance and support of the Settlors, ANTHONY H. KOESTER and JOAN K. KOESTER, in such amount or amounts and in such manner as the Trustee(s) may determine without regard to the Settlors other means of support and to provide against any emergency which may arise affecting the Settlors occasioned by sickness, health, affliction or misfortune. It is the Settlors' intention if they become incapacitated the Trustee(s) shall pay the taxes and the cost of maintaining and insuring any property they may own, both real and personal, whether it be in the Settlors' sole name(s) or in joint names with other person or persons, and any tangible personal property which the Settlors may own.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

Any net income in any year which is not disposed of shall be added to the principal of the Trust at the end of each year.

Unless otherwise specifically so designated at the time of transfer to the Trustees during the Settlors' joint lives, all assets held by the Trustees subject to this agreement, wherever located, shall be conclusively presumed to have been jointly owned by the Settlors as tenants by the entireties at the time of transfer to the Trustee and shall be regarded in the hands of the Trustee, as the context herein requires, as tenancy by the entireties property. Any transfer of property by a Settlor to the Trust which represents joint marital estate property shall be considered an immediate gift to the other Settlor at the time of transfer to the Trust, to the extent necessary to result in the property being owned equally by Settlors at all times, regardless of which Settlor initially acquired the property or which Settlor furnished any or all of the consideration of the property. The Settlors intend this Trust be treated as a "Qualified Spousal Trust" pursuant to Missouri law.

All of the separate property, if any, of either Settlor specifically designated as the separate property of either Settlor at the time of transfer to the Trustee, shall remain the separate property of the contributing Settlor.

## ARTICLE IV

(Instructions Upon Deaths of The Settlors)

1. Upon the death of either of the Settlors, the surviving Co-Trustee named herein shall continue as Trustee hereunder, unless otherwise disqualified according to the provisions of ARTICLE II and ARTICLE XIII herein, and the then acting Trustee is authorized in his or her sole discretion to expend such sum or sums of the principal of the Trust estate as said Trustee deems proper in or toward the payment of the following items or any of them, namely:

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

A. All of a deceased Settlor's just debts allowed by law as claims against his or her estate including the expenses of his or her last illness and funeral. In addition, the Trustee may in his or her discretion pay such other debts and obligations of the deceased Settlor as are presented to and approved by the Trustee within a reasonable time after the deceased Settlor's death or as are directed by the personal representative of the deceased Settlor's estate.

B. All attorney's and accountant's fees and other expenses incurred in connection with the administration and devolution of the trust estate and any non-trust (probate or otherwise) property of the deceased Settlor, the determination of death taxes, and any other matters relating to the deceased Settlor's affairs, without regard to any statutory, probate or other limitation.

C. All death taxes assessed by governmental authority by reason of the deceased Settlor's death without contribution or reimbursement. Such taxes to the extent possible, shall not be paid from assets elected to qualify for the marital deduction for estate tax purposes.

2. On the death of the first of said Settlors to die all property then constituting the balance of the Trust estate after payment of the items set forth in this Article above as provided for herein shall continue to be held IN TRUST under the same terms and conditions previously set forth herein for the benefit of the survivor of the two original Settlors, ANTHONY H. KOESTER and JOAN K. KOESTER, and the terms and conditions hereinbefore set forth which are in addition to the terms and conditions previously set forth and not in limitation thereof.

A. The Trustee may from time to time pay to or apply for the surviving Settlor, such amounts of the net income and principal as he or she considers appropriate for the health, education, maintenance and support of the surviving Settlor, such payments and applications to be made in equal or unequal amounts depending on the relative needs and circumstances of the

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

surviving Settlor. Any income not distributed may be transferred to the principal periodically in the discretion of the Trustee. In the exercise of his or her power of encroachment, the Trustee shall give effect to both Settlors' intention to create this Trust for the primary purpose of providing for the welfare of both Settlors during their lifetimes.

3. Upon the second death of said Settlors, the then acting Trustee, according to the provisions of <u>ARTICLE II</u> herein, is authorized in his/her sole discretion to expend such sum or sums of the principal of the Trust estate as said Trustee deems proper in or toward the payment of the following items, or any of them, namely:

A. All of the deceased Settlor's just debts allowed by law as claims against his or her estate including the expenses of his or her last illness and funeral. In addition, the Trustee may, in his discretion pay such other debts and obligations of the deceased Settlor as are presented to and approved by the Trustee within a reasonable time after the Settlor's death or as are directed by the personal representative of the deceased Settlor's estate.

B. All attorney's and accountant's fees and other expenses incurred in connection with the administration and devolution of the Trust estate and any non-trust, probate or otherwise, property of the deceased Settlor, the determination of death taxes and any other matters relating to the deceased Settlor's affairs without regard to any statutory, probate or other limitation.

C. All death taxes assessed by governmental authority by reason of the Settlor's death without contribution or reimbursement, including interest and penalties thereon.

<u>ARTICLE V</u>

(Distributions upon Death of the Second to Die of the Settlors)

Upon the death of the second to die of the original Settlors of this Trust, and after payment

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

of the items directed to be paid in ARTICLE IV hereof, the Trustee shall hold, administer and distribute the assets then constituting the trust estate in the following manner:

1. Upon the deaths of the Settlors, the Trustee shall distribute the items of tangible personal property described in a written statement or list, signed and dated by the Settlors, or the surviving Settlor, to the person or persons named therein. Any bequest to a beneficiary who does not survive the Settlors shall lapse. To avoid undue delay, the Settlors direct the Trustee to diligently search for such statement or list, but if the Trustee is unable to ascertain the location or existence of such a statement or list, after a period of three months from the second to die Settlor's date of death, the Trustee may assume no such statement or list bequeathing tangible personal property items exists.

The balance of the tangible personal property held as an asset of the trust estate not disposed of pursuant to the prior paragraph the Settlors direct the Trustee to distribute, per stirpes, among the Settlors' then living descendants.

2. All of the rest, residue and remainder of the trust estate shall be distributed to the Settlors' children, ANGELA JOAN WAGNER, CHRISTOPHER EDWIN KOESTER, and EMILY ANN WILSON, and any hereafter born or adopted children of Settlors, FREE FROM TRUST, in equal shares, but in case any of them shall have died in the Settlors' lifetimes leaving descendants at the Settlors' deaths, such descendants shall take per stirpes among them the share which his or her parent would have taken had such parent survived the Settlors. If a deceased child shall fail to leave living descendants, such share shall be distributed, per stirpes, among the Settlors' then living descendants.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

3. Whenever any part of the principal of any trust created hereunder shall become distributable to a descendant of a Settlor who has not attained twenty-five (25) years of age, such share shall continue to be held by the Trustee upon the following terms and conditions:

A. The Trustee may pay to or apply for such descendant such amounts of the net income and principal of the Trust as he or she considers necessary and appropriate for each such descendant's health, education, maintenance and support. Any unused income shall be added to principal at the end of each calendar year.

B. When such descendant of a Settlor attains the age of twenty (25) years, the Trustee shall distribute to such descendant, outright and FREE FROM TRUST all of the rest, residue and remainder of such descendant's trust share, as it is then constituted.

C. If a descendant of a Settlor dies before full distribution of all Trust property to him or to her, his or her share shall be distributed per stirpes among his or her living descendants, subject to the provisions of this Article. If such descendant should die before his or her respective share shall have been legally paid over to him or to her, FREE FROM TRUST, and has no living descendants at such time, then such share shall be distributed per stirpes among the then living descendants of the Settlors and if none be living, pursuant to Paragraph 5 of Article V hereof.

D. Notwithstanding the foregoing provisions, if this trust is the beneficiary of an Individual Retirement Account(s) ("IRA") or other qualified retirement plans, distribution from which is governed by Section 401(a)(9) of the Internal Revenue Code, or any corresponding Section then in effect, the Trustee shall elect to receive plan proceeds over a period of time determined by reference to an individual's life expectancy beginning in at least the year following the Settlor's death, at least at the rate required by federal and state law, at such time, using the beneficiary's

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

individual life expectancy to determine the required minimum distributions from the IRA account(s). The required annual IRA distributions shall be distributed by the Trustee directly to each such beneficiary within the year received, without any reductions other than taxes withheld. The Settlors direct the Trustee to take all steps necessary in order to qualify the plan distributions as being received directly by each such beneficiary, as plan beneficiary, and to withdraw such required annual minimum distributions using such beneficiary's individual life expectancy to the extent allowable by applicable law. The Trustee shall provide copies of this document as is necessary for compliance. In no event shall any beneficiary hereunder be entitled to exercise a power of appointment conferred upon such beneficiary under the terms hereof to direct distribution of plan proceeds to or for the benefit of any appointee who is not a living descendant of the Settlor.

4. Irrespective of anything to the contrary:

A. If upon termination of any separate trust created hereunder, any part of the principal thereof shall be distributed to a person for whose sole benefit the Trustee is then holding any part of another share in trust hereunder, the principal so distributable shall be added to and disposed of as a part of such other trust, subject to all the terms and provisions thereafter pertaining thereto.

B. Whenever any part of the principal of any trust created hereunder shall become distributable to a person who has not attained twenty-one (21) years of age, as such person's absolute property, the Trustee may, in his discretion:

(1) Withhold distribution of such property and invest and reinvest the same, collect the income therefrom and during the time such person is under twenty-one (21) years of age, may pay to or apply for such person, so much of the net income or principal for the health,

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

maintenance, support and education of such person as the Trustee deems necessary or advisable, without the intervention of any guardian or conservator, and to accumulate, invest and reinvest the balance of such income, if any, until such person attains the age of twenty-one (21) years, and thereupon pay over to such person the unexpended principal and income so withheld. If such person dies before attaining the age of twenty-one (21) years, all such principal and income shall be paid over to the estate of such person. The authority conferred upon the Trustee by this paragraph shall not operate to suspend or prevent the absolute vesting of any property in any such person. With respect to the administration of such property, the Trustee shall have all the powers, authority and discretion vested in him under the provisions of this agreement; or

(2) Distribute the property to a person or corporation as the Trustee, in his or her discretion, shall designate as custodian for the beneficiary, pursuant to the Missouri Uniform Transfer to Minors Law, or any similar law or act in any other state. The distribution of trust property to the custodian pursuant to this provision, shall constitute a complete release and discharge to the Trustee.

C. In addition to any right to disclaim conferred by law any person may, by appropriate instrument delivered to the Trustee, disclaim in whole or in part any property or interest granted to such person by this trust agreement.

5. If at the death of the Settlors or the survivor of the Settlors' children and their descendants, occurring before the termination of the Trust as herein provided, the Settlors have no living lineal descendants, then all the rest, residue and remainder of the Trust estate shall be distributed as follows:

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

A. One-half (½) thereof to ST. VINCENT DePAUL, 1310 Papin Street, St. Louis, MO 63103.

B. One-half (½) thereof to MISSIONARIES OF CHARITY, 3629 Cottage Avenue, St. Louis, MO 63113.

C. Provided, however, should at such time any such charitable organization above listed no longer be in existence or is not an organization described in Section 170(c), 2055 (a) and 2522 (a) of the Internal Revenue Code of 1986, as amended, ("The Code"), the Trustee shall distribute such disqualified or non-existent organization's share to one or more other organizations, each of which is then described in said Sections of the Code as the Trustee shall select in his or her sole discretion.

ARTICLE VI

(Indirect Payment of Income)

If at any time, or from time to time, in the written opinion of a physician of a beneficiary (including either of the Settlors), licensed to practice medicine in the state of residence of a beneficiary, a said beneficiary shall become incapacitated, mentally, physically, or both, through illness, age or any other cause, or should such beneficiary be a minor, such that said beneficiary is unable to receive income or principal payable hereunder to him or to her, or to use the same for his or her best interests and welfare, then during the period of such disability the Trustee may, in his or

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

her sole discretion, pay over and apply the said income or principal to or for the benefit of such beneficiary and with regard to such distributions to persons or entities hereinafter listed under numbers 1, 2, and 3, the receipt of any such person shall fully discharge the Trustees from any further liability in connection with such distributions. Such distributions may be paid in any one or more of the following ways:

1. Directly to such beneficiary;

2. To the legal guardian or conservator of such beneficiary;

3. To any relative of such beneficiary, or to any other person or persons selected by the Trustee, to be expended by such relative or other person or persons for the care, support, maintenance, education and health of the said beneficiary;

4. By expending the same for the care, support, maintenance, education and health of the said beneficiary.

ARTICLE VII

(Trustee's Powers)

The Trustee(s) of all trusts created hereunder shall have full power and authority to do any and all things necessary or proper to manage and control the property of the said trusts and every part thereof, including but not by way of limitation, the following rights, powers, discretions, and authorities, all of which may be exercised by the Trustee(s) at any time or from time to time upon such terms and conditions as the Trustee(s) may deem best, regardless of whether or not the Trustee(s)' commitments extend beyond the termination of a trust, namely:

1. To invest and reinvest the funds of a trust in any property, real, personal or mixed, within or without the State of Missouri, in which Settlor would have the power to invest his own

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

funds, not being limited to such investments as are considered suitable investments for trust funds, including among others, stocks of corporations incorporated under the laws of any of the United States, the Dominion of Canada, or any foreign country, preferred and common; bonds, debentures, mortgages, participations in common funds, options, partnership interests, coins, stamps, commodities and real estate. The Trustee(s) shall have full power to manage the property, improve it, pay all taxes and other lawful charges against it, and from time to time to sell, resell or otherwise dispose of all or any part thereof, to collect the income, rents and profits from the same; to lease the same upon such terms as the Trustee(s) may deem advisable and for any term of years even though such terms shall or may extend beyond the life of the trust; to make, execute and deliver any and all instruments to make effective the powers herein granted, and where the Trustee(s) deems it to the best interest of a trust to do so, the Trustee(s) may borrow money from any source, and make, execute and deliver any and all notes, mortgages and pledges and any other instruments necessary or appropriate to effectuate said purposes. The Trustee(s) shall also have power to retain any investments received from the Settlor's estate or any other source and will be under no duty to diversify the investments received. The Trustee(s) shall be held to personal liability only for willful negligence or unauthorized acts.

2. To apportion between principal and income any receipts or expenditures which in the Trustee(s)' opinion should be apportioned.

3. To purchase securities at a premium and to charge such premium to principal or to income, or partly against income as in the Trustee(s)' opinion is just and proper, but the Trustee(s) shall not be required to amortize premiums or discounts.

4. To compromise, adjust and settle any claim directly or indirectly affecting a trust.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

5. To vote in person or by proxy, with or without power of substitution, any stock or other securities; to consent to the reorganization, merger, consolidation, liquidation or dissolution of any corporation in which funds are invested, and to take such steps as are necessary to carry out such consent; to enter into such voting trusts as the Trustee(s) deems advisable.

6. To enter into underwriting agreements, file registration statements and do everything else necessary to register and sell any securities owned by a trust.

7. To take or hold any money, real estate or securities, or make agreements for the benefit of a trust in the Trustee(s)' names or in the name of a nominee without disclosing to those from whom the assets are acquired, or to whom they may be sold, or to those with whom any such agreement is made, the fact that such property is taken, or that such agreement is made, for the benefit of a trust estate.

8. To make division or distribution of property held in trust either in cash or in kind, or partly in cash and partly in kind, and for the purposes of any such divisions the Trustee(s) shall set values upon any or all of such property, and such values, if determined in good faith, shall be conclusive upon all persons interested in such division or distribution.

9. To pay assessments, subscriptions, or such other sums of money as the Trustee(s) deems expedient for the protection of the interests of the trust as holder of any stocks, bonds or other securities or any other property, real or personal; and to exercise with respect to any stocks, bonds, securities or other property, real or personal, any option or any right of conversion or subscription, or other rights of whatsoever nature which any holder thereof may be entitled to exercise.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

10. To purchase for the benefit of a trust at any foreclosure, partition, execution or other sale any real estate or personal property upon which the Trustee(s) may have or hold a mortgage, deed of trust, lien or other encumbrance, or in which the Trustee(s) may have or be entitled to an interest, and hold in a trust as an investment thereof any real estate or personal property thus acquired during any part or all of the period of such trust.

11. Protect through legal or equitable proceedings or otherwise the right, title or interest of the Trustee(s) in and to any real or personal property held in or subject to a trust, and to partition, divide, or subdivide any such real estate; to grant easements or charges of any kind on or against any such real property; to dedicate any such real property to public or semi-public use, provided that such dedication shall enhance the value of the said real property; to erect, repair, remodel and reconstruct buildings or other improvements on any such real property, or to abandon the same; and to operate, manage, maintain and protect or other improvements.

12. After the termination of any trust created hereunder, to defer distribution thereof in their discretion until all matters pertaining thereto have been settled, and meanwhile to exercise all powers of sale, investment or other powers herein conferred upon my Trustee(s) until final distribution of such trust.

13. To employ such agents, accountants, attorneys and other employees as the Trustee(s) may deem necessary or proper for the efficient management or protection of the property of a trust and to compensate such persons in such amounts as the Trustee(s) deems reasonable.

14. To keep any or all of the trust property at any place or places in Missouri or elsewhere within the United States or abroad.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

15. The Trustee(s) may commingle the assets of any trust or trusts established by any other Testatrix or Testator or Settlor for the same or similar beneficiaries when the provisions governing such trusts are the same, and when such merger, in the opinion of the Trustee(s), is in the best interests of the beneficiaries.

16. Neither the principal nor the income of any trust estate herein created shall be liable for the debts of the beneficiary thereof, nor shall the same be subject to seizure by any creditor of any beneficiary under any writ or proceeding at law or in equity, and no beneficiary shall have any power to sell, assign, transfer, encumber or in any other manner to anticipate or dispose of his or her interest in the trust estate or the income produced thereby.

17. No Trustee(s) shall be required to audit the accounts of any predecessor Trustee or any Personal Representative. No Trustee(s) shall be liable for any loss or damage resulting from acts or omissions undertaken by it in good faith, nor shall Trustee(s) be liable for acts or omissions of any Personal Representative or predecessor Trustee(s).

18. To make distributions to either or both Settlors during the lifetimes of the Settlors to make gifts pursuant to requests signed by Settlors or their attorney-in-fact pursuant to any Durable Power of Attorney of either or both Settlors in existence at the time such distributions are so requested.

19. If there shall be no Personal Representative of Settlor's estate, to allocate any of Settlor's generation-skipping transfer tax (GST) exemption which shall remain unallocated at Settlor's death to any transfer of Settlor, whether occurring at or prior to Settlor's death.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

If any trust being held for the benefit of a descendant of Settlor shall terminate by reason of the death of such descendant and a GST tax under Chapter 13 of the Code would otherwise be imposed on any part or all of such trust, then, in lieu of distributing such trust under such provisions, the Trustees shall distribute such part or all of such trust as would otherwise be subject to such GST tax in such manner as said descendant shall by Will appoint, and said descendant is hereby given a general testamentary power of appointment over such trust, exercisable by said descendant alone and in all events, outright or in trust, but it must be exercised, if at all, by a Will which makes specific reference to said power. If said descendant shall fail to exercise said general testamentary power of appointment or if the exercise thereof shall be invalid, the assets of said trust not effectively appointed shall be distributed or held in trust in the same manner as provided in such trust, and the provisions of this paragraph shall not be applicable.

20. To establish, open, close and transact on any and all types of bank and credit union accounts, including but not limited to checking, savings, certificates of deposit and money market accounts.

21. S Corporation Stock. If this Trust includes or acquires any stock in corporation for which all of the shareholder (including the trust) wish to make or continue an election to be taxed as a small business corporation under Subchapter S of the Internal Revenue Code of 1986, as amended, then the Trustee is authorized to irrevocably modify the terms of that portion of the trust then consisting of the stock of the S Corporation in order to create a Qualified Subchapter S. Trust that will comply with the terms of Section 1361(d) of the Internal Revenue Code of 1982, as amended. All other assets held in the Trust shall be administered separately and independently under the terms set forth above.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

22. If the Settlor's spouse survives the Settlor, the Trustee shall evaluate and determine the appropriateness of filing a federal estate tax return for purposes of establishing portability of any of a deceased Settlor's Deceased Spousal Unused Exclusion Amount.

ARTICLE VIII

(Amendment or Revocation)

This Trust is created and the interests hereunder are vested subject to the express conditions and reservations that the Settlors may:

1. Acting jointly as long as both Settlors are living, revoke this Trust Agreement in its entirety thereby terminating the Trust and receiving as Settlor's own property all of the assets of both principal and income then in the hands of the Trustees. If there are Trustees other than the Settlors then serving, such right may be exercised by instrument in writing executed by the Settlors and delivered to the Trustees other than the Settlors. In the event of revocation, title to all trust assets shall revert and revest in Settlors as tenants by the entireties without action on the part of the Trustees. Said Trustees shall pay over and deliver such assets as directed by the Settlors. Although this Trust may be revoked, the Trustees shall have authority to execute and if called upon shall execute such instruments as may be reasonably required or appropriate for the purpose of evidencing such transfers to the Settlors. The surviving Settlor following the death of the first to die of the Settlors, shall continue to have authority to revoke the trust or withdraw assets.

2. At any time or from time to time by written request delivered to the Trustees, Settlors may withdraw all or such part of the principal of the trust estate as the Settlors or survivor of them

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

may designate and upon receipt of such request the Trustees shall transfer and deliver by appropriate instruments to the Settlors or the survivor of them, or to the Settlors' order, FREE FROM TRUST, such portion or portions of the principal of the Trust estate as Settlors may request, or if so requested the Trustees shall transfer and deliver to Settlors, or the survivor of them, all of the principal and income of the Trust estate and the Trust thereupon shall terminate. Trustees' receipt of Settlor's receipt shall be full and complete discharge to the Trustees for such payment or transfer.

3. At any time or from time to time by instrument in writing executed by the Settlors and delivered to the Trustees, Settlors, and/or a surviving Settlor, may change, amend, alter, or modify this Trust Agreement or revoke any portion or portions thereof and change, amend, alter or revoke any amendments hereto.

ARTICLE IX

(Accountings)

Following the Settlors' deaths, the Trustee shall render an account once each twelve months to each adult beneficiary and to the natural or legal guardian, if any, of each minor or otherwise legally disabled beneficiary then receiving or entitled or permitted to receive income or principal from any trusts hereunder. The account shall show the receipts, disbursements and distributions of principal and income since the last accounting, and the invested and uninvested principal and the undistributed income on hand at the time of the accounting. If no objection shall be made to any account so rendered within ninety (90) days after a copy thereof has been deposited in the mail addressed to any person entitled thereto, as above provided, such person shall be conclusively presumed to have approved or assented to all actions reflected in the account so rendered. To the extent not prohibited by applicable law, the Trustee shall not account, notify or provide other

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

information concerning the trust estate or any interest in the trust estate (including, but not limited to, furnishing a copy of this Trust Agreement or any amendments thereto) to any beneficiary hereunder other than those who are then receiving or are entitled or permitted to receive income or principal from any trusts hereunder, despite a request for such information, until such time as the beneficiary is entitled or permitted to receive income or principal from the trust estate, notwithstanding any contrary provision of applicable law. It is Settlors' intention to maintain the privacy and confidentiality of this Trust Agreement and the information in connection with the trusts created hereunder until such time as a beneficiary is entitled or permitted to receive income or principal from the trust estate. Provided, however, if the Trustee determines in his sole and absolute discretion that, in order to limit or eliminate the claims of a person who may commence a judicial proceeding to contest the validity of the Trust Agreement and/or any amendments thereto that were revocable as of the date of the Settlors' deaths, he may provide a copy of the Trust Agreement and any amendments thereto, along with a notice informing such person of the Trustee's name and address and of the time allowed for commencing a judicial proceeding contesting such validity to any person for such limited purpose.

Notwithstanding any statute or rule of law to the contrary, no Trustee shall be required to qualify or to file inventories or accounts in any probate or other court.

The Settlors hereby designate the following beneficiaries as permissible beneficiaries to receive notice and reports with respect to this trust and all trusts created hereunder on behalf of the beneficiaries' descendants and ancestors: ANGELA JOAN WAGNER, CHRISTOPHER EDWIN KOESTER, and EMILY ANN WILSON.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

## ARTICLE X

(Compensation of Trustees)

It is the Settlors' intention that neither of the Settlors be compensated for their services as Trustee hereunder. Any other individual serving as a Trustee hereunder may receive reasonable compensation for his or her services rendered in the administration of the Trust estate. Any Trustee hereunder may be reimbursed for any out-of-pocket expenditures they may make in the administration of the Trust estate.

A corporate trustee shall be compensated according to its published schedule of fees in effect at the time trust services are rendered.

## ARTICLE XI

(Anti-Perpetuities Clause)

Notwithstanding anything in this agreement to the contrary, no trust created hereunder shall continue for a period longer than permissible under the State of Missouri's rule against perpetuities, and upon the expiration of such period, such trust shall terminate and the assets thereof shall be distributed outright to those persons then in being who would be entitled to receive the Trust principal from the trust at the time of the termination specified.

## ARTICLE XII

(Additions to Trust)

The Trustees are authorized and empowered to receive from the Settlors, or the survivor of them, the estate of either of the Settlors or from any source whatsoever, additional property which

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

shall thereupon become a part of the trust estate hereunder. The trust investments, whether originally or subsequently transferred to the trust estate, may be commingled and treated as a part of the whole estate.

## ARTICLE XIII

(Interpretation)

Throughout this Trust Agreement the masculine gender shall be deemed to include the feminine, and the singular the plural; and vice versa. All references to Settlors' Trustee hereunder shall be construed to apply to a substitute, successor or additional Trustee or Trustees where the context permits. In the interpretation or construction of the provisions of this instrument and in the administration of any trust created under this agreement, the following shall govern and control:

1. The Settlors are presently married and all provisions for the Settlors' spouse refer to such spouse.

2. All references herein to Settlors' children or descendant are intended to include children and descendants of the Settlors born before and after the execution of this agreement and such after born children and descendants shall have no rights in Settlors' estate other than those granted by this agreement.

3. The terms "child, "children", "descendant" and "descendants" shall include any person legally adopted by Settlors or any person under eighteen (18) years of age adopted by any descendant of the Settlors, and the descendants of any such legally adopted person. As of the date of this agreement, the Settlors have three (3) living children, ANGELA JOAN WAGNER, CHRISTOPHER EDWIN KOESTER, and EMILY ANN WILSON.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

4. All references herein to Settlors' Personal Representative or Settlors' spouse's Personal Representative shall also include any executor and any successor or successors thereto.

5. A person shall be deemed to be legally incapacitated, disabled or under a legal incapacity or disability if:

i. Any such person that has been duly adjudged an incapacitated person, a disabled person, an insane person or an incompetent person by any court of competent jurisdiction and a legal guardian of such person has been appointed; or

ii. A person's ability to receive and evaluate information effectively or to communicate decisions, or both, is impaired to such an extent that the person lacks the capacity to manage such person's financial resources, as determined by certification of one's licensed physician; when in the process of determining the legal disability of a Settlor or an individual trustee, all individually identifiable health information and medical records of such person may be released to the Trustee or the successor trustee, as the case may be, including any written certification relating to such person's disability as provided in this paragraph. This release applies to any information governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 USC 1320d, 45 USC 1320d and 45 CFR 160-164, and applies even to a person or entity who has not yet accepted his, her or its appointment as successor trustee; or

iii. Such person is someone who cannot take any needed actions due to involuntary detention or disappearance, as determined by the affidavit of at least two people with knowledge regarding the same. The Trustee hereunder shall have no liability to anyone for acting in good faith upon any certification or affidavit.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

6. Whenever any income is to be paid or property is to be distributed to a person's then living descendants, "per stirpes", initial division into equal shares shall be made at the oldest generation level occupied by at least one then living person.

7. Unless the context requires otherwise, the term "legal guardian" includes a guardian of the person, as well as a guardian or conservator of the estate.

8. In the event of a conflict between the provisions of this agreement and any statute or rule of law to the contrary, including, but not limited to, any prudent investor or prudent man law, or the Missouri Uniform Trust Code, then the provisions of this agreement shall control to the extent allowable by applicable law.

ARTICLE XIV

(Trustee Succession)

The Settlors, and following Settlors' deaths, a majority in interest of the adult beneficiaries and the natural or legal guardians of any minors or otherwise legally disabled beneficiaries to whom income may then be payable or permitted to be paid hereunder may remove any Trustee by written notice delivered to the Trustee not less than thirty (30) days prior to the effective date of the removal and the Trustee may resign by giving the same written notice to the same beneficiaries. The persons to whom such notice of resignation may be given, or the person who may exercise the power of removal, as the case may be, (1) may, without liability to any present or future beneficiary, approve the accounts of, and give a full and complete release and discharge to, any resigned (or removed) Trustee; and (2) upon the failure to qualify, declination, resignation, or removal, of any individual or corporate Trustee or if a Trustee is not then serving for any reason, shall appoint any United States

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

citizen, individual, bank or trust company having a combined capital and surplus of not less than Fifty Million Dollars ($50,000,000.00), as successor Trustee hereunder. Notwithstanding any contrary provision of this Agreement or any applicable law to the contrary, no successor Trustee shall be liable or responsible for any act or default of any predecessor Trustee or for any loss or expense resulting from or occasioned by anything done or neglected to be done in the administration of the trust estate prior to its becoming a Trustee nor shall it be required to inquire into or take any notice of the prior administration of the trust estate.

ARTICLE XV

(Termination of Trusts)

The Trustee may terminate any trust maintained under this instrument for not more than one beneficiary, if in the Trustee's sole discretion the Trust has become uneconomical to manage and such terminated trust's assets paid to the sole beneficiary, FREE FROM TRUST. If the beneficiary of a Trust elected to be terminated by the Trustee is a minor at the time of termination, the parent or guardian of such minor beneficiary may receive the distribution for the benefit of the minor beneficiary and give sufficient receipt for said share of such minor beneficiary so distributed.

ARTICLE XVI

(Simultaneous Death)

If any legatee, devisee or beneficiary shall die simultaneously with Settlors or with surviving Settlor under circumstances as to render it difficult or impossible to determine who predeceased the other, the Settlors shall be deemed to have survived such legatee, devisee or beneficiary and the provisions of this agreement shall be construed upon that assumption.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

ARTICLE XVII

(Waiver of Bond)

No Trustee named and appointed hereunder shall be required to give any bond for the faithful performance of his or her duties hereunder. All provisions of this trust agreement shall be interpreted and construed on the basis of the laws of the State of Missouri. This trust agreement shall be executed in triplicate, each identical copy shall be considered as an original.

ARTICLE XVIII

(Change of Trust Situs)

After the Settlors' deaths, the situs of this agreement may be changed by the unanimous consent of all of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement.

If such consent is obtained, the beneficiaries shall notify the Trustee in writing of such change of trust situs and shall, if necessary, designate a successor fiduciary in the new situs. This notice shall constitute removal of the current Trustee if appropriate, and any successor Trustee shall assume its duties as provided under this agreement.

A change in situs under this Article shall be final and binding and shall not be subject to judicial review.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

IN WITNESS WHEREOF, the said ANTHONY H. KOESTER and JOAN K. KOESTER, as Settlors and Trustees, have hereunto set their hands and seals to the foregoing ANTHONY H. and JOAN K. KOESTER REVOCABLE TRUST AGREEMENT this 3d day of January, 2019.

ANTHONY H. KOESTER, Trustee

ANTHONY H. KOESTER, Settlor

JOAN K. KOESTER, Trustee

JOAN K. KOESTER, Settlor

STATE OF MISSOURI )
) SS.
COUNTY OF ST. LOUIS )

On this 3d day of January, 2019, before me personally appeared ANTHONY H. KOESTER and JOAN K. KOESTER, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

My term expires:

Notary Public

ELIZABETH D. MCCARTER
Notary Public - Notary Seal
State of Missouri, St Louis County
Commission Number 12540513
My Commission Expires Jun 19, 2020

10\S:\Trusts\Koester,Anthony&Joan.Joint Trust 2018.wpd

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

## SCHEDULE A

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

# TRUSTEED CROSS-PURCHASE AGREEMENT

THIS AGREEMENT is entered into in St. Louis County, Missouri, this _20th_ day of _March_, 1995, by and between SHEKAR M. SWAMY and ANTHONY H. KOESTER, all being Shareholders in the AMERICAN TECHNOLOGY CORPORATION, a Corporation (referred to as the Company), and SHEKAR M. SWAMY, referred to as the Trustee.

The stock in the Company is currently owned as follows:

| | | | |
|---|---|---|---|
| Shekar M. Swamy | owns | 1020 | shares in the Company; |
| Anthony H. Koester | owns | 980 | shares in the Company; |

## ARTICLE ONE

### Purpose and Consideration

The Shareholders believe it is in their best interests to provide for continuity and harmony in the management and policies of the Company and, thus, desire to (1) provide for the purchase by the remaining Shareholders of a deceased or disabled Shareholder's stock in the Company; (2) provide for the purchase by the other Shareholders of a Shareholder's stock during his lifetime should he desire to sell his stock in the Company; (3) to help provide the funds necessary to carry out such purchases through insurance policies issued on the respective lives of the Shareholders; and (4) to simplify the administration of said insurance policies by this Agreement which will permit the issue of said policies to a single owner, who shall name itself as beneficiary. In return for mutual and reciprocal promises each Shareholder agrees to the sale of his stock in the Company upon the events and under the same terms and conditions set forth in this Agreement.

## ARTICLE TWO

### Appointment and Duties of Trustee

Shekar M. Swamy, who is a Shareholder in the Company, has consented to act as Trustee under this Agreement. If he cannot or will not act, Anthony H. Koester consents to be the Trustee; if he cannot or will not act, Daniel K. Barklage, Attorney, consents to be the Trustee.

IT IS THEREFORE AGREED:

1. <u>Transfer of Stock to Trustee.</u> Upon the issuance of the life insurance policies referred to in this Agreement, all share certificates owned by the Shareholders shall be deposited with the Trustee, or kept in the Corporation's corporate book which is



EXHIBIT
2

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

in the possession of its attorney, Daniel K. Barklage, of Barklage, Barklage, Haywood & Brett, P. C., 211 North Third Street, St. Charles, Missouri 63301, or kept at the Company's normal place of business. Subject to the terms of this Agreement, the Shareholders shall remain owners of their respective shares and be entitled to all rights of ownership, including the right to vote the stock and receive dividends.

2. Notice of Agreement. Prior to the delivery of a stock certificate to the Trustee, it shall be imprinted with the following legend:

> "These shares of stock are subject to the provisions and restrictions of a Trusteed Cross-Purchase Agreement dated March 20, 1995, entered into by and between Shekar M. Swamy, Anthony H. Koester, and Shekar M. Swamy, Trustee."

3. Life Insurance. The Trustee shall purchase for the use and benefit of the Shareholders, other than the Shareholder being insured, a life policy on each remaining Shareholder in amounts as follows:

| | | |
|---|---|---|
| Upon the life of | Shekar M. Swamy | $765,000.00 |
| Upon the life of | Anthony H. Koester | $735,000.00 |

a. This Agreement shall extend to any additional life policies subsequently issued pursuant to this Agreement, which policies shall be listed on a schedule which shall be a part of this Agreement.

b. The Trustee shall be the owner and beneficiary of the insurance policies and shall hold and use any insurance proceeds in trust for purposes of this Agreement.

c. Each life policy shall be owned beneficially by the Shareholders whose lives are not insured as tenants in common. Each Shareholder's beneficial interest shall be in the same proportion as the number of shares owned by him bears to the total number of shares owned by all the beneficial owners of said policy.

d. No Shareholder shall have any right, while a party to this Agreement, to modify or impair any of the rights or values under such policies.

e. With respect to policyowner options, including the premium mode, application of dividends, policy loans, etc., the Trustee shall follow the instructions of the prospective beneficial owners at the time the policies

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

are applied for, and such further instructions as the beneficial owners may furnish in writing from time to time.

f. The Trustee has no obligation to see to the payment of the insurance policies held under this Trust Agreement. Premium notices shall be sent to and paid by the Company, which, in turn, shall charge the salary account of each beneficial owner in the proportion that the number of shares owned by him bears to the total number of shares owned by all beneficial owners of each policy.

## ARTICLE THREE

### Transfers During Lifetime

1. General. No Shareholder shall, while his stock is subject to this Agreement, transfer, encumber, or pledge all or part of his respective shares in the Company by sale or otherwise, such as a divorce or bankruptcy proceeding, except as provided below.

2. Sale of Stock. If a Shareholder desires to sell his stock during his lifetime, he shall give the other Shareholders written notice of such desire. The other Shareholders shall have the right to purchase such stock at any time within thirty (30) days after such notice at the price determined by Article Five, paragraph 2. Each other Shareholder shall have the right to purchase a proportion of such stock equal to the ratio of the number of shares owned by him bear to the total shares owned by the purchasing Shareholders.

If a Shareholder does not buy a proportion of the stock allotted to him, the other Shareholders shall have the right to buy the balance in similar ratio. If the stock is not purchased by the remaining Shareholders within fifteen (15) days after the end of the initial thirty- (30) day period, the offering Shareholder may sell any shares not purchased by other Shareholders to another person who is not a Shareholder in the Company. Any purchaser who is not a Shareholder in the Company shall become subject to the terms and restrictions of this Agreement immediately upon the purchase of shares. Upon the consummation of the purchase and the payment of the purchase price, the Trustee shall deliver the certificates of stock to the purchasers. If the purchasers shall remain or become parties to this Agreement, upon the issuance to them of new certificates and the endorsement of the same, as required by paragraph 2 of Article Two, such stock certificates shall be deposited with the Trustee.

3. Disposal of Life Insurance. A Shareholder who disposes of his stock during his lifetime shall have the right, for a

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

period of thirty (30) days from the sale or disposition of his stock, to purchase from the remaining Shareholders their beneficial interests in the policy or policies insuring his life, at the price set forth in paragraph 2 of Article Six, which provides for the disposition of policies on termination of this Agreement.

ARTICLE FOUR

Purchase of Shares on Death

1. Upon the death of a Shareholder, the surviving Shareholders shall purchase, and the estate of the decedent shall sell, all of the decedent's stock in the Company which he now owns or will hereafter acquire. Each surviving Shareholder shall purchase such portion of the shares of the decedent as the number of shares owned by him at the date of death of the decedent shall bear to the total number of shares owned by all surviving Shareholders at that date.

2. Purchase Price For Shares. Until and unless changed, the value of the shares of stock of the Company held by each Shareholder shall be:

| | | |
|---|---|---|
| Shekar M. Swamy | $765,000.00 | in total for all shares of stock held. |
| Anthony H. Koester | $735,000.00 | in total for all shares of stock held. |

The Shareholders may periodically redetermine the value of each stock share and endorse said value on a schedule similar to the one which is part of this Agreement. Any redetermination shall be by unanimous vote of the Shareholders.

ARTICLE FIVE

Payment of the Purchase Price

1. Death of a Shareholder. Upon the death of a Shareholder, the Trustee shall collect the insurance proceeds on behalf of the beneficial owners of the policy, and within thirty (30) days after the qualification of the legal representative of the decedent's estate, the purchase price for the decedent's stock shall be paid in accordance with the following provisions.

If the insurance proceeds equal or exceed the purchase price, the Trustee shall pay the purchase price in full on behalf

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

of the beneficial owners of the policy in proportion to their beneficial interests, and shall pay any excess insurance proceeds to said beneficial owners in the same proportion.

If the insurance proceeds are less than the purchase price, the Trustee shall notify each surviving Shareholder of the deficiency. Each Shareholder shall pay his share of the deficiency, subject to the option set forth later, by delivering a series of negotiable promissory notes with interest at ten percent (10%) per annum to the estate or trust. The notes shall call for the balance of the purchase price to be paid in thirty-six (36) consecutive monthly installments beginning ninety (90) days after the date of the Shareholder's death.

Such notes shall provide for the acceleration of the due date of all unpaid notes in the series on default in payment of any note or interest. Upon such default, all notes shall become due and payable immediately. Such notes shall give the makers the option of prepayment, in whole or in part, at any time.

If the insurance proceeds are less than the purchase price, each Shareholder shall have the option not to purchase the shares, and said Shareholder shall not be liable for any deficiency. In such event, the Trustee shall pay the insurance proceeds to the decedent's estate or trust, and the estate or trust shall also retain and own the stock.

Upon payment of the purchase price to the estate, the Trustee shall deliver to each surviving Shareholder the stock purchased by him. After arranging for the issuance of new share certificates and the endorsement of the legend required in <u>paragraph 2 of Article Two</u>, the Shareholder shall deposit the certificates with the Trustee or corporate attorney as required under the terms of this Agreement.

2. <u>Lifetime Sale</u>. In event of a lifetime sale under <u>Article Three, paragraph 2</u>, the <u>per share</u> price to be paid shall be Ten Dollars ($10.00) per share.

3. <u>Decedent's or Withdrawing Shareholder's Interest in Policies on Surviving Shareholders</u>. Upon the death of a Shareholder or, otherwise, upon the purchase of his stock in the Company, the surviving Shareholders shall cause the Trustee to submit to the Insurer for each life insurance policy, a Change of Plan request reducing the amount of the policy(ies) by the amount of the beneficial interest of the estate or the withdrawing Shareholder. Upon the acceptance of each request by the Insurer, the estate or withdrawing Shareholder shall have no further rights or obligations with respect to the policy(ies), other than the right to exercise its nonforfeiture options as to the amount

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

of insurance represented by its beneficial interest.

4. Purchase of Additional Insurance by Surviving Shareholders. Following the death or withdrawal of a Shareholder, the surviving Shareholders shall cause the Trustee to purchase additional insurance on each Shareholder's life in such form and amounts as then deemed necessary to carry out the purposes of this Agreement.

## ARTICLE SIX

### Amendment and Termination

1. Termination. This Agreement shall terminate on the occurrence of any of the following events, at which time the Trustee shall deliver to each Shareholder the share certificates deposited by such Shareholder:

a. The written agreement of all of the Shareholders; or

b. The dissolution, bankruptcy or insolvency of the Company; or

c. The death of all Shareholders simultaneously or within a period of seven (7) days; or

d. When there remains no stock subject to this Agreement.

2. Purchase of Insurance Policies on Termination. Upon the termination of the Agreement, each Shareholder shall have the right within sixty (60) days thereafter, to purchase from the other Shareholders their beneficial interests in the policy or policies of insurance on his life by delivering the purchase price to the Trustee. The interpolated terminal reserve value of the policy as calculated by the Insurer shall be the purchase price of each policy. Upon receipt of the purchase price, the Trustee shall transfer ownership and deliver the insurance policies to their respective purchasers and, in turn, paying the purchase price to the respective sellers. Policies that are not purchased by the respective insureds shall be surrendered by the Trustee. After first deducting any unpaid fees and costs, the Trustee shall pay the cash surrender values to the beneficial owners as their interests appear. Upon completion, the Trustee is relieved of any further duties under this Agreement.

3. Amendment. This Agreement may be amended by written agreement of all of the Shareholders which shall be filed with the Trustee. The consent of the Trustee to the amendment shall be necessary, if, in the opinion of the Trustee, the proposed amendment would increase its duties or reduce its rights under the Agreement.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

## ARTICLE SEVEN

### Compensation and Substitution of Trustees

1. The Trustee shall receive no fees or remuneration for his services under this Agreement. The Trustee is under no obligation to institute any action to recover any insurance proceeds unless indemnified by one or more surviving Shareholders for the expenses involved.

2. Substitution of Trustees. The Shareholders shall have the right to revoke the Trustee designation and appoint another Trustee. The revocation and appointment shall be made in writing and sent to the Trustee and the Insurer. However, the Insurer shall not be bound by any change of Trustee until it receives a duly executed change of ownership form, as provided in its insurance policies. Upon the designation of a new Trustee, the old Trustee shall execute the change of ownership and beneficiary forms in favor of the new Trustee and deliver to the new Trustee a copy of this Agreement, all share certificates, insurance policies and other documents on deposit with it under this Agreement. The new Trustee shall have all the rights and be subject to all the obligations of the original Trustee.

3. Notice of Trustee. Any person dealing with the Trustee may conclusively assume the Trustee has full power and authority to receive money or property paid to the Trustee; no such person shall be bound to inquire as to the application or disposition of any money or property paid to the Trustee or paid in accordance with the written directions of the Trustee. Any person may conclusively assume the designated Trustee continues to act in that capacity until receipt of a written notice of the appointment of a successor Trustee.

## ARTICLE EIGHT

### Redetermination

1. The parties shall endeavor at the annual meeting of the Shareholders of the Company to redetermine annually the values for payment at death, lifetime transfer, and disability. If the parties shall fail to make such a redetermination, the most recent values shall govern.

2. If the parties redetermine the values, a form substantially similar to the following may be used.

> The Shareholders and Company agreed pursuant to the terms and conditions of the Trusteed Cross-Purchase Agreement executed March 20, 1995, that the

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

following shall be the values to be utilized in case of buyout:

Pursuant to Article Four of the Trusteed Cross-Purchase Agreement, the following values at death shall be $765,000, in total, for all of the shares held by Shekar M. Swamy; and $735,000, in total, for all of the shares held by Anthony J. Koester.

Pursuant to Article Five, paragraph 2, the lifetime sale price shall be $10.00 per share for each share owned by any Shareholder.

ARTICLE NINE

Miscellaneous

1. The executor or administrator of a deceased Shareholder's estate shall execute and deliver any documents or legal instruments necessary to carry out the terms of this Agreement. The Agreement shall be binding on the Shareholders, their heirs, legal representatives, successors and assigns. This Agreement shall be governed by the laws of the State of Missouri, notwithstanding the fact one or more of the parties to the Agreement now is, or may become, a resident of another state.

2. Despite the provisions of this Agreement, any insurance company which issues an insurance policy subject to this Agreement is authorized to act in accordance with the terms of said policy as if the Agreement did not exist. The payment of its contractual obligations by such insurance company in accordance with the terms of such policy shall completely discharge it from all claims, suits and demands of all persons.

3. This document shall be interpreted and construed according to the laws of the State of Missouri.

4. Notices hereunder shall be effective upon mailing thereof by registered or certified mail, return receipt requested, postage prepaid, addressed as follows:

a. If to the Company:

1807 Park 270 Drive, Suite 420
St. Louis, MO 63146-4036

b. If to the Stockholders:

Shekar M. Swamy
Rose Tree Corporate Center I
1400 N. Providence Road, Suite 105

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

Media, PA 19063-2052

Anthony H. Koester
1807 Park 270 Drive, Suite 420
St. Louis, MO 63146-4036

or to such other address as shall be furnished by any party hereto by written notice to the other parties.

6. The provisions of this Agreement shall be binding on and inure to the benefit of the Stockholders and their heirs, executors, administrators, and assigns.

7. This Agreement may be amended or altered only by an instrument in writing signed by all of the parties hereto.

8. All covenants and agreements contained in any prior agreement which are inconsistent with or contrary to this Agreement are revoked, canceled, and rescinded.

THE PARTIES HAVE EXECUTED THIS AGREEMENT AT THE PLACE AND EFFECTIVE ON THE DATE FIRST WRITTEN ABOVE.

SHAREHOLDERS:

______________________
Shekar M. Swamy

______________________
Anthony H. Koester

TRUSTEE:

______________________
Shekar M. Swamy

The Corporation consents to this Agreement.

AMERICAN TECHNOLOGY CORPORATION

______________________
President

Acceptance of Agreement. I, VIDYA S. SWAMY & JOAN R. KOESTER, have read the provisions of this Agreement and acknowledge the provisions shall be binding upon me at my husband's death or sale of stock of the Corporation while this Agreement is in effect. This was signed by me at the same time as my husband's execution of the Agreement.

______________________

______________________

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

December 17, 2002

Mr. Anthony H. Koester
414, Briergreen Court,
Creve Coeur, MO 63146

Dear Tony,

Pursuant to Article 9, Miscellaneous, No.6, of the Trusteed Cross-Purchase Agreement, between Anthony H. Koester and Shekar M. Swamy related to American Technology Corporation, we hereby agree as follows:

All of the life insurance provisions contained in the Trusteed Cross-Purchase Agreement shall be considered null and void effective December 17, 2002.

All other provisions of the Trusteed Cross Purchase Agreement shall remain in force.

We hereby agree that the notification forms to dissolve the policies in question will be immediately forwarded to Kansas City Life Insurance Company with a request to distribute the cash value contained herein to the trustee (Shekar M. Swamy) of the policy. Upon receipt of the check, the trustee shall distribute 49% of the proceeds to Mr. Koester and 51% of the proceeds to Shekar Swamy. Such funds will be distributed immediately to both parties.

By signing this letter, both shareholders agree to this amendment to the Trusteed Cross-Purchase Agreement with immediate effect.

Shekar M. Swamy
Shareholder
Date: 12/19/02

Anthony H. Koester
Shareholder
Date: 12/19/02

Shekar M. Swamy
Trustee
Date: 12/19/02

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

...us, No.6, of the Trusteed Cross-Purchase Agreement, between ...r M. Swamy related to American Technology Corporation, we

... in the Trusteed Cross-Purchase Agreement shall be ... 17, 2002.

...hase Agreement shall remain in force.

... forms to dissolve the policies in question will be ...ty Life Insurance Company with a request to distribute the ...stee (Shekar M. Swamy) of the policy. Upon receipt of the ...% of the proceeds to Mr. Koester and 51% of the proceeds to ...e distributed immediately to both parties.

...olders agree to this amendment to the Trusteed Cross-Purchase

Anthony H. Koester
Shareholder
Date: 12/19/02

Mr. Anthony H. Koester
414 Dreyer... Ct.
Creve Coeur, MO
63146

63141+7422 42

185 6337O $00.370 PB8605496
DEC 19 02
WEST CHESTER, PA 19380
UNITED STATES POSTAGE

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

LEWIS RICE LLC

John J. Hall

jhall@lewisrice.com
314.444.7635 *(direct)*
314.612.7635 *(fax)*

Attorneys at Law

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101

www.lewisrice.com

March 26, 2026

**VIA CERTIFIED MAIL and REGULAR FIRST CLASS MAIL**

Shekar M. Swamy
Rose Tree Corporate Center I
1400 N. Providence Road, Suite 105
Media, PA 19063-2052

Shekar M. Swamy
4220 Duncan Ave
Suite 201
Saint Louis, MO 63110

Shekar M. Swamy
1807 Park 270 Drive, Suite 420
St. Louis, MO 63146-4036

Shekar M. Swamy
17263 Wild Horse Creek Rd, Ste. 201
Chesterfield, MO 63005-1363

**Re: Amounts Owed to The Revocable Living Trust Agreement of Anthony H. Koester and Joan Koester**

**Demand Upon Shekar M. Swamy for Amounts Due**

Subject: American Technology Corporation/Demand for Payment of Outstanding Shares

Dear Shekar M. Swamy,

We represent Joan Koester, Trustee of The Revocable Living Trust Agreement of Anthony H. Koester and Joan Koester U/A January 3, 2019 (the "**Trust**"). Mrs. Koester has retained our firm regarding that certain Trusteed Cross-Purchase Agreement dated March 20, 1995, as amended (the "**Agreement**"), by and between Shekar M. Swamy and Anthony H. Koester (the "**Decedent**") in reference to the American Technology Corporation to formally demand payment under its terms and conditions. A copy of the Agreement is enclosed for your reference.

Article Four of the Agreement states that:

"Upon the death of a Shareholder, the surviving Shareholders shall purchase, and the estate of the decedent shall sell, all of the decedent's stock in the Company which he now owns or will hereafter acquire. Each surviving Shareholder shall purchase such portions of the shares of the decedent as the number of shares

*Established 1909*

EXHIBIT

3

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

LEWIS RICE LLC



owned by him at the date of death of the decedent shall bear to the total number of shares owned by all surviving Shareholders at that date". (IV, 1-2)

Anthony Koester passed away on February 21, 2026, triggering the mandatory buyout obligation under the Agreement. As provided in the Agreement, and as you agreed, the total value of Decedent's shares is $735,000. Please note that the letter agreement Amendment to the Agreement, dated December 17, 2002, removed the life insurance provisions in the Agreement but specifically stated that "All other provisions of the Trusteed Cross Purchase Agreement shall remain in force." See copy of the Amendment, enclosed. As such, the mandatory buyout provision of the Agreement remains in full force.

To resolve this matter, please deliver the contractual payment of $735,000 by **April 6, 2026**, to my office, payable to Joan Koester, Trustee of The Revocable Living Trust Agreement of Anthony H. Koester and Joan Koester. Mrs. Koester and the Trust reserve all rights and remedies with respect to the Agreement and enforcement of your obligations under the Agreement.

This matter warrants your immediate attention.

Sincerely,

John J. Hall

Enc.

cc: Christine G. Hall-Schweiss
Dan Wagner

26SL-PR02078

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

Return Receipt (Form 3811) Barcode

9590 9266 9904 2247 7205 27

1. Article Addressed to:
Shekar M. Swamy
1807 Park 270 Drive, Suite 420
St Louis, MO 63146-4036

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2247 7205 24

COMPLETE THIS SECTION ON DELIVERY

A. Signature ☐ Agent
X ☐ Address

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail

134372.0000 Reference Information

PS Form 3811, Facsimile, July 2015 — Domestic Return Receipt

EXHIBIT
4

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

USPS TRACKING #

SAINT LOUIS MO 630

1 APR 2026 AM 9 L

9590 9266 9904 2247 7205 27

D TEAR THIS WAY

United States
Postal Service®

• Sender: Please print your name, address and ZIP+4®

Christine G. Hall-Schweiss
Lewis Rice LLC
600 Washington
Suite 2500
St. Louis, MO 63101

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

26SL-PR02078
Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

LEWIS RICE LLC

John J. Hall

jhall@lewisrice.com
314.444.7635 *(direct)*
314.612.7635 *(fax)*

Attorneys at Law

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101

www.lewisrice.com

April 30, 2026

**VIA CERTIFIED MAIL and REGULAR FIRST CLASS MAIL**

Shekar M. Swamy
Rose Tree Corporate Center I
1400 N. Providence Road, Suite 105
Media, PA 19063-2052

Shekar M. Swamy
4220 Duncan Ave
Suite 201
Saint Louis, MO 63110

Shekar M. Swamy
1807 Park 270 Drive, Suite 420
St. Louis, MO 63146-4036

Shekar M. Swamy
17263 Wild Horse Creek Rd, Ste. 201
Chesterfield, MO 63005-1363

**Re: Amounts Owed to The Revocable Living Trust Agreement of Anthony H. Koester and Joan Koester**

**Demand Upon Shekar M. Swamy for Amounts Due**

Subject: American Technology Corporation/Demand for Payment of Outstanding Shares

Dear Shekar M. Swamy,

We represent Joan Koester, Trustee of The Revocable Living Trust Agreement of Anthony H. Koester and Joan Koester U/A January 3, 2019 (the "**Trust**"). As stated in the prior letter mailed to you and received via certified mail on March 26, 2026, Mrs. Koester has retained our firm regarding that certain Trusteed Cross-Purchase Agreement dated March 20, 1995, as amended (the "**Agreement**"), by and between Shekar M. Swamy and Anthony H. Koester (the "**Decedent**") in reference to the American Technology Corporation to formally demand payment under its terms and conditions.

Anthony Koester passed away on February 21, 2026, triggering your mandatory buyout obligation under the Agreement. As provided in the Agreement, and as you agreed, the total value of Decedent's shares is $735,000. We did not receive payment by April 6, 2026 as demanded. As such, we are prepared to file the attached Petition in Saint Louis County to compel payment, as well as collect consequential damages and other applicable fees deemed proper by the court.



EXHIBIT
5

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 11:20 AM

LEWIS RICE LLC



To resolve this matter, please deliver the contractual payment of $735,000 by **May 15, 2026**, to my office, payable to Joan Koester, Trustee of The Revocable Living Trust Agreement of Anthony H. Koester and Joan Koester. Mrs. Koester and the Trust reserve all rights and remedies with respect to the Agreement and enforcement of your obligations under the Agreement.

This matter warrants your immediate attention.

Sincerely,

John J. Hall

Enc.

cc: Christine G. Hall-Schweiss
Dan Wagner

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## PROBATE DIVISION

| | |
|---|---|
| Judge or Division: DIVISION 05<br>NICOLE SYDNEY ZELLWEGER | **Case Number: 26SL-PR02078**<br>JOAN K. KOESTER V. SHEKAR M. SWAMY |
| Plaintiff/Petitioner:<br>JOAN K KOESTER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN JOSEPH HALL<br>SUITE 2500<br>600 WASHINGTON AVE.<br>ST. LOUIS, MO 63101 |
| Defendant/Respondent:<br>SHEKAR M SWAMY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE -FIFTH FLOOR<br>CLAYTON, MO 63105 |
| Nature of Suit: VERIFIED PETITION | |

**FILED**
**06/24/26 11:20 AM**
**PROBATE DIVISION**
**ST. LOUIS COUNTY, MO**

## Summons in Civil Case

**The State of Missouri to: SHEKAR M SWAMY**

**1807 PARK 270 DRIVE SUITE 420**
**SUITE 420**
**ST. LOUIS, MO 63146-4306**

*COURT SEAL OF*

PROBATE DIVISION ST. LOUIS COUNTY, MISSOURI

*PROBATE COURT*
*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

June 24, 2026
Date

Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

______________________ (name) ______________________ (title).

☐ other ______________________.

Served at ______________________ (address)

in ______________________ County, MO, on ______________________ (date) at ______________________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________.

*(seal)*

My commission expires: ______________________ Date ______________________ Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| | Summons | $__________ |
| | Non Est | $__________ |
| | Sheriff's Deputy Salary | |
| | Supplemental Surcharge | $ 10.00 |
| | Mileage | $__________ ( ____ miles @ $ .______ per mile) |
| | Total | $__________ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54. *For Court Use Only:* Document Id # 26-SMPB-71

Electronically Filed - ST LOUIS COUNTY - June 29, 2026 - 10:28 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

Joan K. Koester
Plaintiff/Petitioner

vs.

Shekar M Swamy
Defendant/Respondent

June 29, 2026
Date

26SL PR02078
Case Number

Probate Division
Division

For File Stamp Only

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Joan K. Koester (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Markell & Associates 2300 West Port Plaza Dr., Suite 202, St. Louis, MO 63146 314 668 2020
Name of Process Server Address Telephone

Name of Process Server Address or in the Alternative Telephone

Name of Process Server Address or in the Alternative Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Shekar M. Swamy
Name
1807 Park 270 Dr., Suite 420
Address
St. Louis, MO 63146 4306
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ______________________
Deputy Clerk

______________________
Date

/s/ John J. Hall
Signature of Attorney/Plaintiff/Petitioner
41419
Bar No.
600 Washington Ave., Ste 2500, St .Louis, MO 63101
Address
(314) 444 7635 (314) 612 7635
Phone No. Fax No.

Electronically Filed - ST LOUIS COUNTY - June 29, 2026 - 10:28 AM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a “Request for Appointment of Process Server” electronic form, which may be found on the Court’s Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff’s Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**In the**

# CIRCUIT COURT

## Of St. Louis County, Missouri

Joan K. Koester
Plaintiff/Petitioner

vs.

Shekar M Swamy
Defendant/Respondent

June 29, 2026
Date

26SL PR02078
Case Number

Probate Division
Division

For File Stamp Only

***FILED***
07/02/26
*PROBATE DIVISION*
*ST. LOUIS COUNTY, MO*

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Joan K. Koester, pursuant
(Requesting Party)
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Markell & Associates | 2300 West Port Plaza Dr., Suite 202, St. Louis, MO 63146 | 314 668 2020 |
| Name of Process Server | Address or in the Alternative | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |
| | | |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Shekar M. Swamy
Name
1807 Park 270 Dr., Suite 420
Address
St. Louis, MO 63146 4306
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By/s/BRIANA CHANEY
Deputy Clerk

JULY 2, 2026
Date

/s/ John J. Hall
Signature of Attorney/Plaintiff/Petitioner
41419
Bar No.
600 Washington Ave., Ste 2500, St .Louis, MO 63101
Address
(314) 444 7635 — Phone No.
(314) 612 7635 — Fax No.

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - ST LOUIS COUNTY - August 11, 2026 - 09:49 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**
**PROBATE DIVISION**

| | | |
|---|---|---|
| JOAN K. KOESTER, individually and as Trustee of the Anthony H. and Joan K. Koester Revocable Trust, | ) | |
| Plaintiff, | ) | Cause No. 26SL-PR02078 |
| v. | ) | |
| SHEKAR M. SWAMY, individually and in his capacity as Trustee under the Trusteed Cross-Purchase Agreement | ) | |
| Defendant. | ) | |

**REQUEST FOR ISSUANCE OF ALIAS SUMMONS**

COMES NOW Plaintiff Joan K. Koester, by and through its undersigned counsel, and hereby requests that the Clerk of this Court issue an alias summons for Defendant Shekar M. Swamy by way of special process server. The original summons was returned by the special process server non-est which is attached hereto as Exhibit 1. The request for alias summons should be for service on:

**Shekar M. Swamy**
**312 Inwood Forest Dr.**
**Raleigh, NC 27603**

Electronically Filed - ST LOUIS COUNTY - August 11, 2026 - 09:49 AM

Respectfully submitted,

**LEWIS RICE LLC**

Dated: August 11, 2026

By: /s/ John J. Hall

John J. Hall, #41419
Jared A. Gillen, #76621
600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
314-444-7635 (Phone)
314-612-7635 (Facsimile)
jhall@lewisrice.com
jgillen@lewisrice.com

***Attorneys for Plaintiff***

Electronically Filed - ST LOUIS COUNTY - August 11, 2026 - 09:49 AM

# AFFIDAVIT OF ATTEMPTED SERVICE

**ST. LOUIS COUNTY )**

**RE: JOAN K. KOESTER v.**
**SHEKAR M. SWAMY**
Circuit Court-St. Louis County
Probate Division
State of Missouri
Case No. 26SL-PR02078

Mark B. Smith, of Markell & Associates, Inc., being duly sworn upon his oath, states that he is over the age of 18 years; that he is a disinterested party to this action; is authorized to perfect service within said territory; and that he attempted to serve the attached Summons; Petition; and Exhibits 1,2,3,4,5 on defendant Shekar Swamy on the following dates; times; and addresses:

1807 Park 270 Dr., Suite 420, St. Louis, Missouri 63146 on July 29, 2026, 1:45 p.m., at which time office was closed known as Selective Site Consultants. Interviewed building management onsite, whom suggest Swamy is unknown. Subsequent inquiry with Selective personnel whom advise Swamy is unknown.

4220 Duncan Ave., Suite 201, St. Louis, Missouri 63110 on August 7, 2026, 1:25 p.m., at which time office was found to be CIC, an office sharing/startup facility.

Investigation/Discovery

Upon investigation/analyses, it is believed defendant resides at:
312 Inwood Forest Dr., Raleigh, North Carolina 27603-purchased 4/25 by defendant and Vidya Swamy.

**MARKELL & ASSOCIATES, INC.**

[signature]

**Mark B. Smith**

Private Investigator

State of Missouri

**License #2010019303**

Subscribed to and sworn before me, a Notary Public on this 10th of August, 2026.

[signature] Rebecca Lewise Campbell

**Notary Public**

REBECCA LEWISE CAMPBELL
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Aug. 21, 2026
Commission # 22737777

Aug 21, 2026

Exhibit
1

exhibitsticker.com

Electronically Filed - ST LOUIS COUNTY - August 11, 2026 - 09:49 AM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## PROBATE DIVISION

| | |
|---|---|
| Judge or Division: DIVISION 05<br>NICOLE SYDNEY ZELLWEGER | **Case Number: 26SL-PR02078**<br>JOAN K. KOESTER V. SHEKAR M. SWAMY |
| Plaintiff/Petitioner:<br>JOAN K KOESTER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN JOSEPH HALL<br>SUITE 2500<br>600 WASHINGTON AVE.<br>ST. LOUIS, MO 63101 |
| Defendant/Respondent:<br>SHEKAR M SWAMY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE -FIFTH FLOOR<br>CLAYTON, MO 63105 |
| Nature of Suit: VERIFIED PETITION | |

**FILED**
**06/24/26 11:20 AM**
**PROBATE DIVISION**
**ST. LOUIS COUNTY, MO**

## Summons in Civil Case

**The State of Missouri to: SHEKAR M SWAMY**

**1807 PARK 270 DRIVE SUITE 420**
**SUITE 420**
**ST. LOUIS, MO 63146-4306**

*COURT SEAL OF*

PROBATE DIVISION ST. LOUIS COUNTY, MISSOURI

*PROBATE COURT*
*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

June 24, 2026
Date

[signature]
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

______________________ (name) ______________________ (title).

☐ other ______________________.

Served at ______________________ (address)

in ______________________ County, MO, on ______________________ (date) at ______________________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(seal)*

Subscribed and sworn to before me on ______________________.

My commission expires: ______________________ Date ______________________ Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| | Summons | $______ |
| | Non Est | $______ |
| | Sheriff's Deputy Salary | |
| | Supplemental Surcharge | $ 10.00 |
| | Mileage | $______ ( ___ miles @ $ .____ per mile) |
| | Total | $______ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*For Court Use Only:* Document Id # 26-SMPB-71

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**PROBATE DIVISION**

| | | |
|---|---|---|
| Judge or Division: DIVISION 05<br>NICOLE S. ZELLWEGER | **Case Number: 26SL-PR02078**<br>JOAN K. KOESTER V. SHEKAR M. SWAMY | **FILED**<br>**09/22/26 11:38 AM**<br>**PROBATE DIVISION**<br>**ST. LOUIS COUNTY, MO** |
| Plaintiff/Petitioner:<br>JOAN K KOESTER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN JOSEPH HALL<br>SUITE 2500<br>600 WASHINGTON AVE.<br>ST. LOUIS, MO 63101 | |
| Defendant/Respondent:<br>SHEKAR M SWAMY | Court Address:<br>ST. LOUIS COUNTY COURTS- PROBATE DIVISION<br>105 SOUTH CENTRAL AVENUE – FIFTH FLOOR<br>SAINT LOUIS, MO 63105 | |
| Nature of Suit: VERIFIED PETITION | | |

## Summons for Personal Service Outside the State of Missouri

**The State of Missouri to: SHEKAR M SWAMY**

**312 INWOOD FOREST DR.**
**RALEIGH, NC 27603**

***COURT SEAL OF***

PROBATE DIVISION ST. LOUIS COUNTY, MISSOURI

***PROBATE COURT***
***ST. LOUIS COUNTY***

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**September 22, 2026**
Date

BY: /s/ BRIANA CHANEY
DEPUTY CLERK

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________ of ______________________ County, ________________ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________________ (name) ______________________ (title).

☐ other (describe) ______________________.

Served at ______________________ (address)

in ______________________ County, ______________ (state), on ______________ (date) at ______________ (time).

______________________
Printed Name of Sheriff or Server

______________________
Signature of Sheriff or Server

**Subscribed and sworn to** before me this ________ (day) ____________ (month), ________ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer)

(Seal) ☐ authorized to administer oaths. (use for court-appointed server)

______________________
Signature and Title

**Service Fees, if applicable**

Summons $______________
Non Est $______________
Mileage $______________ (____________ miles @ $ ________ per mile)
Total $______________

**See the following page for directions to clerk and to officer making return on service of summons.**

*For Court Use Only:* Document Id# 26-PSOS-38

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 18 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - ST LOUIS COUNTY - October 06, 2026 - 04:15 PM

# AFFIDAVIT OF RETURN OF SERVICE

**WAKE COUNTY)**

**RE:** **JOAN K. KOESTER v.**
**SHEKAR M. SWAMY**
Circuit Court-St. Louis County
State of Missouri
Case No. 26SL-PR02078

Scott Snyder, an agent of Markell & Associates, Inc., being duly sworn upon his oath, states that he is over the age of 18 years; that he is a disinterested party to this action; that he is authorized to perfect service within said territory; and that he served a copy of the attached Summons, Petition, Exhibit 1-5 on defendant Shekar M. Swamy, by personal service on Vedia Swamy, Wife/Co-Resident, at 312 Inwood Forest Drive, Raleigh, North Carolina 27603 on September 25, 2026, 12:07 p.m.

**MARKELL & ASSOCIATES, INC.**

Scott Snyder

**Scott Snyder**

Subscribed to and sworn before me, a Notary Public on this 28TH of September, 2026.

Ellyn P. Temple

**Notary Public**

ELLYN P. TEMPLE
NOTARY PUBLIC
Johnston County
North Carolina
My Comm. Expires January 21, 2030

Electronically Filed - ST LOUIS COUNTY - October 06, 2026 - 04:15 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## PROBATE DIVISION

| | |
|---|---|
| Judge or Division: DIVISION 05<br>NICOLE S. ZELLWEGER | Case Number: 26SL-PR02078<br>JOAN K. KOESTER V. SHEKAR M. SWAMY |
| Plaintiff/Petitioner:<br>JOAN K KOESTER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN JOSEPH HALL<br>SUITE 2500<br>600 WASHINGTON AVE.<br>ST. LOUIS, MO 63101 |
| Defendant/Respondent:<br>SHEKAR M SWAMY | Court Address:<br>ST. LOUIS COUNTY COURTS- PROBATE DIVISION<br>105 SOUTH CENTRAL AVENUE – FIFTH FLOOR<br>SAINT LOUIS, MO 63105 |
| Nature of Suit: VERIFIED PETITION | |

FILED
09/22/26 11:38 AM
PROBATE DIVISION
ST. LOUIS COUNTY, MO

## Summons for Personal Service Outside the State of Missouri

**The State of Missouri to: SHEKAR M SWAMY**

**312 INWOOD FOREST DR.**
**RALEIGH, NC 27603**

*COURT SEAL OF*

PROBATE DIVISION ST. LOUIS COUNTY, MISSOURI

*PROBATE COURT*
*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**September 22, 2026**
Date
Further Information:

BY: /s/ BRIANA CHANEY
DEPUTY CLERK

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ____________________ of ____________________ County, ____________________ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ____________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ____________________ (name) ____________________ (title).

☐ other (describe) ____________________.

Served at ____________________ (address)

in ____________________ County, ____________________ (state), on ____________________ (date) at ____________________ (time).

____________________
Printed Name of Sheriff or Server

____________________
Signature of Sheriff or Server

**Subscribed and sworn to** before me this ________ (day) ____________ (month), ________ (year).

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

____________________
Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $ ________ |
| Non Est | $ ________ |
| Mileage | $ ________ ( ________ miles @ $ ________ per mile) |
| Total | $ ________ |

**See the following page for directions to clerk and to officer making return on service of summons.**

*For Court Use Only:* Document Id# 26-PSOS-38